# IN THE COURT OF APPEALS OF IOWA

No. 15-1460
Filed August 17, 2016

**RAYMOND SLACH and NANCY SLACH,**
　　　Plaintiffs-Appellees/Cross-Appellants,

**vs.**

**RUSSELL J. HEICK,**
　　　Defendant-Appellant/Cross-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.

Russell Heick appeals the district court's order awarding him lost profits for damages caused to leased property. **AFFIRMED.**

Willie E. Townsend, Coralville, for appellant/cross-appellee.

Thomas D. Hobart and Sean W. Wandro of Meardon, Sueppel & Downer P.L.C., Iowa City, for appellees/cross appellants.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Russell Heick appeals the district court's order awarding him $4320 for profits lost from Raymond and Nancy Slach plowing sixty-four acres of cornstalks on land they had leased to Heick. Heick claims he is entitled to $5670 because the record demonstrates the Slachs plowed eighty-four acres of cornstalks rather than sixty-four. On cross-appeal, the Slachs claim the district court erred in declining to include the cost of replacement fertilizer in its calculation of damages. We affirm the district court.

This is the second appeal arising from the proceedings initiated after the Slachs filed a petition at law seeking $9450 in rent allegedly owed by Heick. The facts surrounding the proceedings are set forth in *Slach v. Heick*, No. 14-0539, 2015 WL 1546445, at *1–2 (Iowa Ct. App. Apr. 8, 2015) (*Slach I*). We find it unnecessary to repeat those facts herein.

In *Slach I*, and relevant to this appeal, Heick claimed the district court erred in denying his claim of trespass against the Slachs and finding Heick sustained no damages. 2015 WL 1546445, at *1–2. We agreed and found the district court should have applied Iowa Code section 562.5A (2011), granting tenant farmers rights to "aboveground parts of the plant" when the lease is silent on the matter. *Id.* at *5–7 (citation omitted). We determined Heick sustained some amount of damages, reasoning:

> The [district] court blurred the line between the uncertainty of the *amount* of Heick's damages and the fact he *sustained* damages. Heick's neighbor Barry Lehman testified he had an agreement with Heick to bale the stalks for ten dollars per bale, as Heick planned to do the preparatory work himself. Heick presented credible evidence the bales could be marketed for twenty-five to

> forty dollars each . . . . From our review of the trial record, we are convinced Heick sustained some amount of damages.
> We reverse the district court's decision on the trespass claim and remand for a determination of Heick's damages consistent with this opinion.

On remand, the district court followed our instruction and determined the amount of damages caused by the Slach's chisel plowing the cornstalks on the rented farmland. For purposes of calculating damages, the parties agreed Heick could reasonably obtain three bales of cornstalks per acre (at $32.50 per bale) and Heick intended to have the cornstalks baled for $10 per bale. Heick claimed the Slachs plowed all but one field, totaling approximately eighty-four acres. Conversely, the Slachs did not dispute the number of fields plowed, but claimed they left sixty feet of untilled cornstalks bordering the fields thus plowed sixty-four acres total. After reviewing the record and hearing statements from counsel, the district court found the sixty-four acre figure presented by the Slachs more credible.

Because this matter was tried as an action at law, our review is for correction of errors at law. Iowa R. App. P. 6.907. The trial court's findings carry the force of a special verdict and are binding if supported by substantial evidence. *Van Sloun v. Agans Bros. Inc.*, 778 N.W.2d 174, 179 (Iowa 2010).

Heick claims there was substantial evidence to support the sixty-four acre figure he presented and the district court erred in calculating damages based on the eighty-four acre figure presented by the Slachs. However, "the ultimate question is whether the evidence supports the court's finding, not whether it would support a different finding." *NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459 (Iowa 2010). The Slachs presented a conservation plan and

maps demonstrating the need to refrain from plowing the border as they were removing fences and trees. Raymond Slach testified, based on his experience, training, and knowledge of the property, Heick could have bailed the remaining border stalks but elected not to. Heick did not dispute this testimony. Accordingly, substantial evidence supports the district court's finding the Slachs plowed sixty-four acres and calculating damages in the amount of $4320.[1]

On cross-appeal, the Slachs claim if Heick removed the cornstalks, Heick would be required to pay for replacement fertilizer; consequently replacement fertilizer cost should be deducted from Heick's damage award. We find the ruling in *Slach I* clearly dispositive of this claim.[2] *See Slach I*, 2015 WL 1546445, at *7. We affirm the district court's ruling without further opinion pursuant to Iowa Court Rule 21.26(1)(c) and (e).

**AFFIRMED.**

---

[1] The district court arrived at this figure after deducting the cost of baling at $10 per bale from Heick's net profit.
[2] In *Slach I*, we found Iowa Code section 562.5A applied to the lease in question, granting Heick the right to the cornstalks. *See Slach I*, 2015 WL 1546445, at *4–7.